# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY V. GRAFF, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. 17-cv-06748 |
| v. | ) |
| | ) Hon. Amy J. St. Eve |
| LESLIE HINDMAN | ) |
| AUCTIONEERS, INC., et al., | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Stanley V. Graff ("Graff" or "Plaintiff") sued Defendants Leslie Hindman Auctioneers, Inc. ("Hindman"); Biltmore Loan and Jewelry-Scottsdale, LLC ("Biltmore"); The Owings Gallery, Inc. ("Gallery"); Nathaniel O. Owings ("Owings"); Ray Harvey ("Harvey"); and Unknown Defendants 1-3 (collectively, "Defendants") in the Circuit Court of Cook County, Illinois. (R. 1-1.) Defendant Harvey removed the case to federal court. (R. 1.) Before the Court is Plaintiff Graff's motion for remand. (R. 13.) Defendant Harvey opposes the motion. (R. 26.) For the following reasons, the Court denies 1) Plaintiff's motion for remand and 2) Plaintiff's request (and Defendant's counter request) for attorneys' fees and costs associated with the removal/remand.

## BACKGROUND

Plaintiff Graff brings this suit to recover allegedly stolen and pawned paintings. Plaintiff claims that Deborah Graff, a woman he was divorcing at the time, stole three pieces of "Western American art" from his Dallas home. (R. 1-1 at ¶ 16, 21.) Plaintiff further alleges that Deborah

1

Graff pawned the three paintings with Biltmore and then failed to pay back the loan secured with the paintings. (*Id*. at ¶ 21-22, 31.) The paintings changed hands from Biltmore to Hindman, who sold two of the three paintings at an auction in September 2015. (*Id*. at ¶ 22-23.) Gallery, Owings, and Harvey, among others, bought one of the paintings as a group. (*Id*. at ¶ 25.) These parties, as well as the other current owners of the paintings, have either refused to return the paintings to Plaintiff or Plaintiff has been unable to contact them on account of not knowing their identity. (*Id*. at ¶ 24, 30, 32.)

Plaintiff Graff filed this lawsuit in the Circuit Court of Cook County on August 25, 2017. (R. 1-1; R. 15 at 1.) On the same day, Plaintiff requested issuance of a summons for each Defendant and summonses were issued on August 25, 2017. (R. 15 at 2.) One business day after the summonses were issued, on August 28, 2017, Plaintiff sent a copy of the complaint and each summons to the appropriate sheriffs' offices for service on the Defendants, as suggested by Illinois statute 735 ILCS 5/2-202(a).[1] (*Id*. at 2, 12-15.) The sheriffs began serving the

---

[1] Under Illinois law, the sheriff or coroner of the county does *not* have to serve the complaint. The Illinois statute reads in full:

> Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State. In matters where the county or State is an interested party, process may be served by a special investigator appointed by the State's Attorney of the county, as defined in Section 3–9005 of the Counties Code. A sheriff of a county with a population of less than 2,000,000 may employ civilian personnel to serve process. In counties with a population of less than 2,000,000, process may be served, without special appointment, by a person who is licensed or registered as a private detective under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 or by a registered employee of a private detective agency certified under that Act as defined in Section (a–5). A private detective or licensed employee must supply the sheriff of any county in which he serves process with a copy of his license or certificate; however, the failure of a person to supply the copy shall not in any way impair the validity of process served by the person. The court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action. *It is not necessary that service be made by a sheriff or coroner of the county in which service is made*. If served or sought to be served by a sheriff or coroner, he or she shall endorse his or her return thereon, and if by a private person the return shall be by affidavit.

735 ILCS 5/2-202(a) (emphasis added). "Given this language, there can be no question that the Code permits process to be served, upon motion and at the trial court's discretion, by someone other than the Sheriff. *Subsection (a)* does not restrict the use of private process servers to counties with less than 2 million residents, but instead

2

Defendants, including Harvey and Hindman. (*Id*. at 2-3.) The sheriff served Defendant Harvey on September 7, 2017, and Harvey filed his notice of removal on September 19, 2017. (R. 1; R. 26 at 4-5; R. 15 at 2-3.) Defendant Hindman was served on September 21, 2017. (R. 26 at 5; R. 15 at 5.)

Plaintiff Graff now moves to remand the case back to the Circuit Court of Cook County, and also moves for attorneys' fees and costs associated with the improper removal. (R. 13.) Defendant Harvey opposes the motion and also requests its own attorneys' fees and costs. (R. 26.)

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' and '[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case.'" *Munoz v. Ekl, Williams & Provenzale LLC*, 2013 WL 1611373, *1 (N.D. Ill. Apr. 15, 2013) (quoting *Int'l Union of Operating Eng'rs, Local 150, AFL–CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009)); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("The district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). "Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a). In other words, a "case filed in state

---

merely requires that in counties with more residents, special appointment is needed." *Harris N.A. v. Talar*, 2011 WL 10088336, *3 (Ill. App. Ct. Oct. 21, 2011).

3

court may be removed to federal court only when the case originally could have been filed in federal court." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013).

"Defendants may remove civil suits filed in state court to federal court pursuant to 28 U.S.C. § 1441 and related statutes." *Alegre v. Aguayo*, 2007 WL 141891, *2 (N.D. Ill. Jan. 17, 2007). Removal based on diversity of citizenship under § 1332(a), however, is governed by the forum defendant rule: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "In other words, the forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009); *see also Morris*, 718 F.3d at 668 (explaining that a party seeking removal bears the burden of proving the propriety of removal and doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (explaining that the burden of establishing federal jurisdiction falls on the party seeking removal); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Trevino v. U-Haul Co. of Illinois*, 2008 WL 4951321, *2 (N.D. Ill. Nov. 18,

2008) ("A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand.").

## ANALYSIS

**I.  Removal**

Defendant Harvey removed this case on the basis of 28 U.S.C. §§ 1441 and 1332.  (R. 1.)  Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Here, Defendant Harvey removed this action from the Circuit Court of Cook County of the State of Illinois on the basis of the Court's diversity jurisdiction under § 1332(a), which requires complete diversity between the parties and more than $75,000 at issue.

Both requirements of § 1332(a) are satisfied here.  There is complete diversity between the parties based on their citizenship at the time of removal.  *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction.").  The citizenship of the Plaintiff (Texas) is not in dispute, nor is the citizenship of the Defendants Hindman[2] (Illinois), Biltmore (Arizona and maybe Nevada), Gallery (New Mexico), Owings (New Mexico), Harvey (Arizona), and Unknown Defendants 1-3 (none of whom are citizens of

---

[2] Plaintiff's Exhibit B is the Corporation/LLC File Detail Report available online from the website of the Office of the Illinois Secretary of State.  (R. 15 at 17.)  It lists Hindman LLC's assumed name as "Leslie Hindman Auctioneers" and its principal office as "1338 W LAKE STREET CHICAGO, IL 606070000."  As of August 30, 2017—5 days after Plaintiff filed his Complaint in state court and almost 3 weeks before Harvey's notice of removal—Hindman is a foreign corporation with its "jurisdiction" listed as Delaware.  An older record for Leslie Hindman Auctioneers lists its state of incorporation as Illinois.  Regardless of this chance or perhaps intentional reincorporation in another state shortly after the commencement of this lawsuit, a corporation is a resident of both its place of incorporation and its primary place of business.  28 U.S.C. § 1332(c)(1) (For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business."); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Although Hindman now appears to be incorporated in Delaware and was incorporated in Delaware at the time of removal, Hindman remains a citizen of Illinois because its primary place of business is still in Chicago, Illinois.

Texas). (R. 1 at ¶ 4-10, 15-21; R. 7 at ¶ 1, 4-5; R. 26 at 4.) Furthermore, the parties do not dispute that the amount in controversy exceeds $75,000.00. (R. 1 at ¶ 11; R. 15 at 4 (n. 3).)

**II.     Remand**

Plaintiff Graff has moved to remand based on the forum defendant rule because Defendant Hindman is a citizen of Illinois. (R. 15.) Section 1441(b)(2), the "forum defendant rule," bars removal on the basis of § 1332(a) diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The parties dispute whether the phrase "properly joined and served" requires service on the resident defendant for the forum defendant rule to preclude removal to federal court. Defendant Harvey stresses that for the forum defendant rule to apply, the in-forum defendant must be *both* joined *and* served—and Defendant Hindman was not served at the time of removal. (R. 26.) Plaintiff contends that Defendants' reading of the statute violates the spirit of the law, and results in absurdity and potential forum-shopping. (R. 27.)

The Seventh Circuit has not addressed this question,[3] likely because "failure to comply with the forum defendant rule is, indeed, a defect in the removal that bars [circuit court] review." *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007). As the Seventh Circuit noted in *Holmstrom*, "[w]here jurisdiction is lacking, this court is not at liberty to recharacterize the basis

---

[3] The Supreme Court addressed this issue under the then-current version of the removal statute without the "properly joined and served" language, 28 U.S.C. § 71, in the case *Pullman Co. v. Jenkins*, finding that a non-forum defendant cannot remove a case in which a resident defendant has not been served with process. 305 U.S. 534 (1939). *Accord New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.") (citing *Pullman*); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981) ("[W]e decline to read section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement set forth in *Pullman* that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."). Without any binding precedent interpreting the modern language of the statute, the Court will follow the plain meaning of the statute as written.

6

of the district court's judgment in the interest of correcting a perceived error in statutory interpretation." *Id*. at 839 (citations omitted).

District courts are divided on whether the forum defendant rule bars pre-service removal to federal court based on diversity jurisdiction. *See Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp. 2d 1263, 1266 (D.N.M. 2013) ("The Court acknowledges that there is a split in authority on whether the Forum Defendant Rule prohibits a non-forum defendant from removing a case where there are unserved forum defendants."); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268–69 (M.D. Fla. 2009) ("Courts have been divided in their application of Section 1441(b)."). Courts have adopted two approaches to (and thus interpretations of) the forum defendant rule: 1) purpose or Congressional intent; and 2) plain meaning.

### A. Purpose

Some district courts prohibit pre-service removal when there is a resident defendant because they believe that this conforms with the purpose of the statute or Congress's intent. *See, e.g.*, *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, *4 (M.D. Tenn. 2017) ("[T]he Court concludes that snap removal thwarts the purpose of the forum defendant rule."); *Snider v. Chrysler Grp., LLC*, 2015 WL 12834237, *3 (N.D. Ill. Jan. 15, 2015) (holding that a plaintiff's failure to serve a forum-state defendant prior to a defendant's removal does not permit a court to ignore the forum-state defendant in determining the propriety of removal under section 1441(b)(2)); *Estep v. Pharmacia & Upjohn Co., Inc.* (*In re Testosterone Replacement Therapy Products Liability Litigation*), 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014) ("The Court finds the cases looking beyond the language of section 1441(b) persuasive because they seek to fulfill the principle animating the plain language rule and are therefore faithful to Congressional

7

intent."); *Hokanson v. Kerr Corp.*, 2014 WL 936804, *2-3 (D.N.J. Mar. 10, 2014) (holding that a non-forum defendant cannot remove a case where there are unserved forum defendants); *Swindell–Filiaggi v. CSX Corp.*, 922 F.Supp.2d 514, 521 (E.D. Pa. 2013) ("The Court declines to enforce the plain meaning of 28 U.S.C. § 1441(b)(2) because doing so produces a result that is at clear odds with congressional intent. Congress intended the removal statute to abridge the right of removal.") (quotations omitted); *Grimard v. Montreal, Maine, and Atlantic Ry., Inc.*, 2013 WL 4777849, *2 (N.D. Ill. Sept. 15, 2013) (finding that the "joined and served" language of section 1441(b) does not permit removal where service upon the forum-state defendant takes place post-removal); *Vallejo v. Amgen, Inc.*, 2013 WL 12147584, *3 (C.D. Cal. Aug. 30, 2013) ("If defendants were permitted to remove a case before the plaintiff even had the opportunity to serve them, this would effectively circumvent Congress's entire statutory scheme and render § 1441(b)(2) superfluous. Such an application could not have been intended by Congress."); *Laugelle v. Bell Helicopter Textron, Inc.*, 2012 WL 368220, *3 (D. Del. Feb. 2, 2012) (finding removal improper under section 1441(b) even though none of the defendants had been served before notice of remand based in part on the purpose of the forum-defendant rule); *Mohammed v. Watson Pharms. Inc.*, 2009 WL 857517, *3 (C.D. Cal. Mar. 26, 2009) ("depart[ing] from a literal interpretation of Section 1441(b)" because it "thwarts the purpose of Section 1441(b) and merely promotes gamesmanship on the part of removing defendants"); *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007) (stating that permitting pre-service removal in violation of the forum defendant rule would be "against what the courts have long understood to be Congress's intent" and "to allow a resident defendant to remove a case before a plaintiff has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes"); *Fields v. Organon USA Inc.*, 2007 WL 4365312, *4–5 (D.N.J. Dec. 12, 2007)

(concluding that "[t]he result of blindly applying the plain 'properly joined and served' language of § 1441(b) is to eviscerate the purpose of the forum defendant rule").[4]

Purpose and Congressional intent are the foundation of Plaintiff's argument. Graff emphasizes the purpose of the forum defendant rule, which was "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). *See also Estep*, 67 F. Supp. 3d at 957 ("The creation of diversity jurisdiction was based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias. There is no need for this sort of protection, however, in a case in which the defendant is a citizen of the forum state.") (quotations and citations excluded).

### B. Plain Meaning

Other district courts reject the purpose-driven approach and instead look to the plain meaning of the statute. Courts "must give effect to the clear meaning of statutes as written." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992)). "We thus begin and end our inquiry with the text, giving each word its "ordinary, contemporary, common meaning." *Id*. (citing *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 207 (1997)).

---

[4] *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156 (8th Cir. 1981); *Ethington v. Gen. Elec. Co.*, 575 F.Supp.2d 855 (N.D. Ohio 2008); *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640 (D.N.J. 2008) (conceding, however, that an exhaustive review of the legislative history concerning Section 1441(b) failed to reveal any specific statement from "Congress [or] the advisory Committee on Revision of the Judicial Code ... regarding the addition of the 'properly joined and served' language"); *Brown v. Organon Int'l Inc.*, 2008 WL 2833294 (D.N.J. July 21, 2008); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067 (E.D. Pa. May 30, 2008) (but also concluding that removal by a non-forum defendant prior to service upon a forum defendant would be proper); *DeAngelo–Shuayto v. Organon USA Inc.*, 2007 WL 4365311 (D.N.J. Dec. 12, 2007); *Oxendine v. Merck and Co., Inc.*, 236 F.Supp.2d 517 (D.Md. 2002); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F.Supp. 690 (D.S.C. 1987).

Indeed, many district courts have taken this literal language approach, with the resulting interpretation that the "properly joined and served" language is a requirement and that removal before service on the in-forum defendant is permitted.  *See, e.g.*, *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (E.D. Mo. 2014) ("Under the plain, unambiguous language of Section 1441(b)(2), an out-of-state defendant may remove a diversity case if at least one defendant—and no forum defendant—has been served."); *Selective Ins. Co. of S.C. v. Target Corp.*, 2013 WL 12205696, *1 (N.D. Ill. Dec. 13, 2013) (noting that despite the existence of a forum defendant, "[r]ead literally, the forum defendant rule only precludes removal when a forum defendant has been 'properly joined and served.'…'As many courts have recognized, therefore, an unserved forum defendant will generally not defeat removal.'") (citations omitted); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658, *2 (E.D. La. Apr. 24, 2013) (explaining that § 1441(b)(2) "plainly provides that a civil action may not be removed if any defendant that has been joined and served is a forum defendant," and that "the plain language of the statute must prevail over the plaintiff's policy arguments to the contrary"); *Holmes v. Lafayette*, 2013 WL 654449, *1 (N.D. Miss. Feb. 21, 2013) ("The plain language of the statute provides that the forum defendant be 'properly joined and served' to prevent removal."); *Goodwin v. Reynolds*, 2012 WL 4732215, *3 (D.Ala. Sept. 28, 2012) (holding that "the 'majority' of courts follow the plain language of 1441(b) and allow non-forum defendants to remove where a forum defendant remains unserved"); *Chace v. Bryant*, 2010 WL 4496800, *2 (E.D. N.C. Nov. 1, 2010) ("There is no dispute that…the resident defendant, had not been served at the time of removal…. Therefore, 28 U.S.C. § 1441(b) does not apply to bar removal of this action."); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, 2010 WL 3937414, *11 (S.D. Ill. Oct. 4, 2010) ("The Bayer Defendants removed this action on May 1, 2009 at

11:18 am…. Plaintiffs served McKesson on May 1, 2009 at 1:50 pm…. This fact, standing alone, is a sufficient ground for denying Plaintiff's motion to remand."); *Gibson v. Wal–Mart Stores E., LP*, 2010 WL 419393, *4 n. 2 (M.D. Ga. Jan. 28, 2010) ("The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists.") (internal quotation marks omitted); *Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003) ("Once the other Defendants learned that [the forum defendant] had not been properly served, the action became removable because there was no citizen of Illinois who had been properly served as a Defendant. The presence of an unserved Defendant who is a citizen of the forum state does not prevent removal when complete diversity exists."); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (finding that the forum defendant rule would have barred removal if the forum defendant "had been *properly served*…. That it ultimately was served does not affect the propriety of removal.") (emphasis in original); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002) ("[I]n accordance with the plain language of § 1441(b), courts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."); *Maple Leaf Bakery v. Raychem Corp.*, 1999 WL 1101326, *2 (N.D. Ill. Nov. 29, 1999) ("The plain language of § 1441(b)…precludes removal on the basis of the presence of resident defendants only when those defendants were properly joined and served at the time of removal. …Here [the forum defendants] were not served at the time of removal, so their status as resident defendants cannot be construed to defeat removal.").[5]

---

[5] *McCall v. Scott,* 239 F.3d 808 (6th Cir. 2001); *Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp. 2d 1263 (D.N.M. 2013); *Terry v. J.D. Streett & Co.*, 2010 WL 3829201 (E.D. Mo. Sept. 23, 2010); *Vitatoe v. Mylan Pharm., Inc.*, 2008 WL 3540462 (N.D. W.Va. Aug. 13, 2008); *Valerio v. SmithKline Beecham Corp.*, 2008 WL 3286976 (S.D. Fla. Aug. 7, 2008); *Masterson v. Apotex Corp.*, 2008 WL 2047979 (S.D. Fla. May 13, 2008);

The Court agrees with the reasoning of these courts applying the plain language of the statute.[6] The forum defendant rule does not allow removal on the basis of diversity jurisdiction "if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The forum defendant rule does not apply here under the plain meaning of the statute. Defendant Hindman is a citizen of Illinois (the state where Graff initially brought the action) and was properly joined at the time of removal—but it was not properly served. Defendant Harvey was served on September 7, 2017, and was the only defendant served in the case before he filed the notice of removal on September 19, 2017. (R. 26 at 4-5; R. 15 at 2-3.) Harvey is not a citizen of Illinois, and his status as a joined and served defendant does not trigger the forum defendant rule. Hindman, the only Illinois defendant, was served on September 21, 2017—two days after Harvey filed the notice of removal.[7] (R. 26 at 5; R. 15 at 5.)

---

*Johnson v. Precision Airmotive, LLC*, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007); *Waldon v. Novartis Pharm. Corp.*, 2007 WL 1747128 (N.D. Cal. June 18, 2007); *Thomson v. Novartis Pharm. Corp.*, 2007 WL 1521138 (D.N.J. May 22, 2007); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731 (D.Md. 2006); *Mask v. Chrysler Corp.*, 825 F.Supp. 285 (N.D. Ala. 1993); *Wensil v. E.I. DuPont De Nemours and Co.*, 792 F.Supp. 447 (D.S.C. 1992); *Republic Western Ins. Co. v. Int'l Ins. Co.*, 765 F.Supp. 628 (N.D. Cal. 1991); *Windac Corp. v. Clarke*, 530 F.Supp. 812 (D.Neb. 1982).

[6] In accord with another canon of interpretation, "properly joined and served" appears throughout Chapter 89 (District Courts; Removal of Cases from State Courts) of Part IV (Jurisdiction and Venue) of Title 28 (Judiciary and Judicial Procedure) and it stands to reason that Congress meant the same thing each time it used this phrase. The phrase appears again, for example, in 28 U.S.C. § 1446 (2)(A): "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." (emphasis added). Clearly Plaintiff does not read the phrase in § 1446 the same way as it suggests the Court read it in § 1441. Nowhere does Graff argue that removal was improper because all of the other Defendants—including those Defendants that were not yet served—failed to consent to removal.

[7] Plaintiff raises concerns gamesmanship. "[T]o allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes." *Vivas*, 486 F. Supp. 2d at 734. Further, "[a]pplying section 1441(b) in the manner that [the defendant] urges would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant." *Estep*, 67 F. Supp. 3d at 961. Here, however, it does not seem like Defendant Harvey tried to game the system. Again, Harvey was served on September 7, 2017, and he filed the notice of removal on September 19, 2017. This was not the docket-monitoring, jack rabbit, or snap removal that other courts have found to violate the spirit of the law. *See, e.g.*, *id.* ("Even for the most diligent plaintiff, there will be a gap before process can be served, and this enables a vigilant defendant to beat the process server to the punch and remove the case to federal court."). Almost two weeks passed between service on Harvey and Harvey's notice for removal.

Accordingly, Defendant Harvey properly removed the case. The Court thus denies Plaintiff's motion for remand.

## III. Attorneys' Fees & Costs

Both Plaintiff Graff and Defendant Harvey request attorneys' fees and costs associated with the removal or their defense. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see, e.g.*, *Holmstrom v. Harad*, 2005 WL 1950672, *3 (N.D. Ill. Aug. 11, 2005). The statute does not require a showing of bad faith. *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999) ("[Section] 1447(c), as amended, removed the need to show bad faith to receive attorney fees. The…district court ought to seek a fair allocation of all the costs of defending against an improper removal. By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith." (quotations and citations omitted)).

The Supreme Court has held that "[s]ection 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005).

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140.

The "standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141. Similarly, "if, at the time the defendant filed his notice [of removal] in federal court, *clearly established law* demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, *if clearly established law did not foreclose a defendant's basis for removal*, then a district court should not award attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) (quoting *Lott v. Pfizer, Inc*., 492 F.3d 789, 793 (7th Cir. 2007) (emphasis added)).

The Court finds that each side should bear its own costs. Authorities are split on the interpretation of the removal statute and there is no clear guidance from the Supreme Court or the Seventh Circuit on this issue. Defendant Harvey relied upon the plain language of the statute while Plaintiff Graff emphasized its policy underpinnings. Each party made a colorable argument regarding the appropriateness of removal. The law is not clearly established on the issue of a joined but not served in-forum defendant and neither party should be punished for their zealous, well-grounded advocacy. *Cf. MB Fin., N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012) (awarding attorney's fees against a party who's "removal was worse than unreasonable; it was preposterous").

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for remand. Each party will bear his attorneys' fees and costs.

**DATED:** October 26, 2017        **ENTERED:**

_____
AMY J. ST. EVE
U.S. District Court Judge